# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

KENNETH J. HUNTER,
*Plaintiff*,

v.

ANGEL QUIROS, et al.,
*Defendants*.

No. 3:22-cv-1525 (VAB)

## INITIAL REVIEW ORDER

Kenneth J. Hunter ("Plaintiff"), currently confined at Carl Robinson Correctional Institution in Enfield, Connecticut, has filed a Complaint *pro se* under 42 U.S.C. § 1983.

Mr. Hunter has named five defendants, current Commissioner of Correction Angel Quiros, former Commissioner of Correction Rollin Cook, Correctional Counselor and acting Warden Long, Lieutenant and Unit Manager Clebowicz, and Deputy Warden John Doe, and has asserted claims for deliberate indifference to safety, unconstitutional conditions of confinement, and failure to protect based on his contracting COVID-19 while incarcerated.

He seeks damages and injunctive relief in the form of release to parole.

For the reasons stated below, the Complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1). Mr. Hunter may file an Amended Complaint, if he can allege facts correcting the deficiencies identified in this Order, by **February 24, 2023**.

If no Amended Complaint is filed by **February 24, 2023**, this case will be dismissed with prejudice, and the Clerk of the Court will be instructed to close this case.

## I.    BACKGROUND

Mr. Hunter has been in the custody of the Department of Correction since February 10,

2021, serving a four-year sentence. Compl., ECF No. 1 ¶ 9 ("Compl."). He alleges that precautions to prevent the spread of COVID-19 were "non-existing." *Id.* ¶ 10. At Hartford Correctional Center ("Hartford"), Defendant Long allegedly permitted correctional officers to work in both the quarantine unit for inmates testing positive for COVID-19 and in the units housing uninfected inmates. *Id.* ¶ 11.

From November 2020 through November 10, 2021, the date Mr. Hunter allegedly contacted COVID-19, many inmates in Dorm 4 at Hartford allegedly were testing positive for COVID-19, with the level rising to 60% of the inmates testing positive. *Id.* ¶ 12. Mr. Hunter believes that the source of the spreading virus was that Defendants allowed correctional officers to work in multiple units and did not require correctional officers to wear masks. *Id.* ¶ 13. Mr. Hunter also alleges that Defendants Long, Clebowicz, and Doe failed to implement a policy to prevent the spread of COVID-19. *Id.* ¶¶ 13–14. Defendants Long, Doe, and Quiros allegedly were aware that COVID-19 was highly infectious and spreading rapidly, but "chose . . . to place each inmate and [P]laintiff in danger of the COVID-19 virus and at risk of the long-term damages caused to [P]laintiff and inmates by COVID-19." *Id.* ¶ 15.

Mr. Hunter alleges that Defendants Long and Doe, as the highest-ranking officials at Hartford, were responsible for creating the procedures, rules, and regulations for dealing with COVID-19 in the facility. *Id.* ¶ 16. Mr. Hunter alleges that their choices placed him in constant danger of contracting COVID-19 and caused him to contract the disease. *Id.*

When he contracted COVID-19, Mr. Hunter allegedly suffered body aches, diarrhea, cold sweats, headaches, shortness of breath, and dizziness. *Id.* ¶¶ 16–17. On some days, he allegedly was unable to get out of bed. *Id.* He allegedly contracted COVID-19 even though he had been vaccinated. *Id.* ¶ 18.

## II.     STANDARD OF REVIEW

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 18 U.S.C. § 1915A. In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). This requirement applies both when the plaintiff pays the filing fee and when he proceeds *in forma pauperis. See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based, and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, notwithstanding this liberal interpretation, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

## III.     DISCUSSION

Mr. Hunter includes three claims for relief: (1) "Defendants failed to provide a safe

condition of confinement for plaintiff even with ample notice and warning regarding the prison system and COVID-19," Compl. ¶ 27; (2) "Defendant failed to protect plaintiff from the COVID-19 virus due to unsafe conditions of confinement and having a lack of protocol and procedure for COVID-19," *Id.* ¶ 28; and (3) "Defendants failed to protect plaintiff and to provide safe condition[s] of confinement for plaintiff, causing the plaintiff to contract COVID-19." *Id.* ¶ 29.

In his introductory paragraph, Mr. Hunter states that he brings his claims for violation of his rights under the Fourteenth Amendment. Because he is a sentenced inmate, however, his claims arise under the Eighth Amendment, not the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight Amendment." (citations omitted)).

Although Mr. Hunter styles his Complaint as asserting three claims, all of the claims are restatements of a single claim for unconstitutional conditions of confinement. To state an Eighth Amendment claim for unconstitutional conditions of confinement, Mr. Hunter must allege facts supporting an objective component—that "the deprivation . . . was sufficiently serious that he was denied the minimal civilized measure of life's necessities"—and a subjective component— that the defendants "acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (summary order) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted).

To satisfy the subjective component, Mr. Hunter must allege that the Defendants knew

that he faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Phelps v. Kapnolas*, 308 F.3d 180, 185–86 (2d Cir. 2002) (noting that the defendant must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . dr[ew] th[at] inference" (citations omitted)). The Defendants' actions must be more than merely negligent. *See Jensen v. Quiros*, No. 3:20-cv-1598 (JAM), 2020 WL 6532905, at *1 (D. Conn. Nov. 5, 2020) (stating that defendants must act "with a subjectively reckless state of mind akin to criminal recklessness," not merely carelessly or negligently (citation omitted)).

Under the objective component, there is no "bright line test" to determine whether a risk of serious harm is "substantial" for Eighth Amendment purposes. *Lewis v. Siwicki*, 994 F.3d 427, 432 (2d Cir. 2019). This Court instead must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *i.e.*, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original). This determination is made in light of the steps the facility has already taken to mitigate the danger. *Id.*

"[C]orrectional officials have an affirmative obligation to protect inmates from infectious disease." *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996). Courts have found that "an inmate can face a substantial risk of serious harm in prison from COVID-19 if a prison does not take adequate measures to counter the spread of the virus." *Chunn v. Edge*, 465 F. Supp. 3d 168, 200–01 (E.D.N.Y. 2020) (collecting cases). Thus, as Mr. Hunter alleges that he contracted COVID-19 because the Defendants failed to implement proper safety measures, the Court will assume, for purposes of initial review only, that he has satisfied the objective component of the test.

All Defendants are described as supervisory officials ranging from commissioner to warden and deputy warden to unit manager. The Second Circuit has held that "there is no special rule for supervisory liability," but that "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (citation omitted). Thus, for deliberate indifference claims, "the plaintiff must plead and prove that the supervisor had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it." *Id.* at 616. Mr. Hunter must allege facts showing that each Defendant acted with deliberate indifference, *i.e.*, that he "personally knew of and disregarded an excessive risk to [Mr. Hunter's] health or safety." *Id.* at 619.

Defendants Cook and Quiros are the former and current commissioners of correction. Mr. Hunter alleges no facts regarding Defendant Cook. With regard to Defendant Quiros, Mr. Hunter alleges only that Commissioner Quiros "knew that the spread rate of COVID-19 was rapid, and highly infectious, and chose only to place each inmate and plaintiff in danger of the COVID-19 virus and at risk of the long-term damage caused to the plaintiff and inmates by COVID-19." Compl. ¶ 15. This conclusory statement is insufficient to state a claim against Defendant Quiros. *See Jusino v. Quiros*, No. 3:21-cv-620 (SRU), 2021 WL 5111908, at *8 (D. Conn. Nov. 3, 2021) (finding the "conclusory allegations that [the] defendants . . . 'created a policy or custom under which unconsittution practices occurred'" insufficient under *Tangreti* to state a claim) Mr. Hunter does not allege any facts showing that Defendant Quiros was aware of the specific conditions at Hartford or that Mr. Hunter was at substantial risk by being confined there. Absent facts showing a subjective knowledge of the risk faced by Mr. Hunter, the claims against defendants Cook and Quiros will be dismissed under 28 U.S.C. § 1915A(b)(1).

Defendants Long, Doe, and Clebowicz are alleged to work at Hartford. Mr. Hunter alleges that, as Warden and Deputy Warden, Defendants Doe and Long created the procedures and protocols followed at Hartford and that they, along with Defendant Clebowicz, permitted correctional officers to work in both infected and uninfected units. Mr. Hunter assumes that the procedures were the reason he contracted COVID-19. In addition, he does not allege that he brought his concerns to any defendant. Thus, it is not clear from the allegations whether Defendants Long, Doe, and Clebowicz were aware of and disregarded a substantial risk to Mr. Hunter, or merely acted negligently. *See Abernathy v. Commissioner of Corr.*, No. 3:20-CV-00628 (VAB), 2021 WL 1240018, at *6 (D. Conn. Apr. 2, 2021) (dismissing claim that warden created policy that led to his injuries because plaintiff "has not provided facts suggesting 'a factual connection between' the Cheshire Warden's alleged policy and the asserted harm, or that either the Warden or the Commissioner had subjective knowledge that this posed a substantial risk of harm to him") (citations omitted).

Accordingly, Mr. Hunter's claim against these Defendants will be dismissed without prejudice.

### IV.    CONCLUSION

For the foregoing reasons, the Complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1). Mr. Hunter may file an Amended Complaint, if he can allege facts correcting the deficiencies identified in this Order, by **February 24, 2023**.

If no Amended Complaint is filed by **February 24, 2023**, this case will be dismissed with prejudice, and the Clerk of the Court will be instructed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of January 2023.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge